IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT WRIGHT,<br><br>*Plaintiff*,<br><br>v.<br><br>**GEORGIA DEPARTMENT OF CORRECTIONS,** *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:16-cv-00450-TES-MSH** |

**ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

This case is before the Court on the United States Magistrate Judge's Report and Recommendation ("Recommendation") [Doc. 98]. In the Recommendation, the magistrate judge recommends that Defendant Dr. Robert Utley's Motion for Summary Judgment [Doc. 81] be granted. [Doc. 98 at p. 1]. In response to the Recommendation, Plaintiff timely filed an Objection [Doc. 101]. As such, the Court conducted a *de novo* review of the portions of the Recommendation to which objection was made. *See* 28 U.S.C. § 636(b)(1)(C).

In the Recommendation, the magistrate judge provides a detailed description of the Georgia Department of Corrections' ("GDC") Standard Operating Procedure regarding grievances. [Doc. 98 at pp. 5-6]. In short, this procedure is as follows. The inmate must file his grievance within ten days of the event giving rise to the grievance.

[*Id.* at p. 5]. Then, a prison warden has 40 calendar days to respond to the inmate's grievance. [*Id.*]. Should the inmate disagree with the warden's decision or should the warden's time for issuing a decision to the grievance expire, the inmate may then file an appeal to the GDC Commissioner, who then has 100 days to respond to the appeal. [*Id.*].

Here, it is clear that Plaintiff did not complete the grievance process, and thereby failed to exhaust his administrative remedies, before filing his lawsuit in federal court. [*Id.* at p. 7]; *see also Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000). Plaintiff filed his grievance on August 24, 2016, which was denied on September 20, 2016. [*Id.* at p. 6]. The following day, he appealed. [*Id.*]. Thus, the GDC Commissioner had 100 days—or until December 30, 2016—to respond to the appeal. However, Plaintiff filed his lawsuit on October 11, 2016,[1] and thus failed to exhaust his administrative remedies by not either (1) allowing the GDC Commissioner to respond to his appeal or (2) allowing the 100-day time period for response to expire.

Plaintiff's Objection arguing that the Recommendation should not be approved is without merit. In his Objection, he contends that the administrative procedure is unavailable given its purported operation as a "simple dead end."[2] [Doc. 101 at p. 2].

---

[1] Previous orders from the Court state that Plaintiff filed his lawsuit on October 17, 2016. [Doc. 77 at p. 2]. However, under the "prison-mailbox rule" the actual date of Plaintiff's filing was October 11, 2016. *See* [Doc. 98 at p. 7 n.3]. Nevertheless, both of these dates are prior to the operative date of December 30, 2016, and their distinction is immaterial.

[2] Given Plaintiff's prior arguments, the Court can only assume that he restates this contention based on his previous assertion that corrections officials "have never approved an inmate grievance involving medical treatment at Dooly State Prison." [Doc. 76, at pp. 10-11].

However, his current Objection offers no factual support for this or other its conclusory allegations. *See* [Doc. 101 at p. 3]. Therefore, the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 98] over Plaintiff's Objection **AND MAKES IT THE ORDER OF THE COURT**.

Accordingly, the Court **GRANTS** Defendant Dr. Robert Utley's Motion for Summary Judgment [Doc. 81]. In light of this ruling, there are no remaining parties and the Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 7th day of January, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
